IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01855-BNB

JOE M. TONEY, JR.,

    Applicant,

v.

DAVID A.. BERKABILE, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Joe M. Toney, Jr., is a prisoner in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He initiated the instant action on July 11, 2013, by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).

    In an order entered on August 28, 2013 (ECF No. 8), Mr. Toney was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  On August 29, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 9) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On September 19, 2013, Respondent filed a preliminary response (ECF No. 14).  On October 9, 2013, Mr. Toney filed a reply (ECF No. 15).  On October 10, 2013, he filed a brief (ECF No. 16) in support of the reply.

    The Court must liberally construe the filings of Mr. Toney because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Toney seeks to challenge the sanctions imposed on him following his citation for a violation of the prison disciplinary code on March 29, 2013. Respondent argues that the application should be dismissed for failure to exhaust administrative remedies.

An inmate must exhaust all administrative remedies available to him before seeking judicial review of a BOP decision. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1236-37 (10th Cir. 2005). Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Toney. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then

completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Toney was accused of committing a Code 224A violation, which is an attempt to assault another without serious injury. On June 3, 2013, a discipline hearing to

adjudicate the incident report was held. The discipline hearing officer found that Mr. Toney had committed the offense. On July 9, 2013, Mr. Toney received a copy of the discipline hearing officer's report. He had twenty days from July 9 to appeal his sanctions.

Mr. Toney first attempted to appeal the disciplinary sanctions stemming from his incident report on May 28, 2013. The administrative remedy request was rejected because a hearing had not yet been held. An inmate cannot appeal a sanction not yet imposed. On July 11, 2013, Mr. Toney filed the instant § 2241 habeas corpus application, eleven days before he filed on July 22, 2013, a second appeal of his disciplinary sanctions with the North Regional Office, which denied the appeal on September 3, 2013. Respondent contends Mr. Toney has not yet filed a Central Office appeal of his incident report. Mr. Toney contends he filed an appeal with the Central Office on September 23, 2013, and submits a copy of the appeal as an attachment to his support brief. See ECF No. 16 at 12. He does not allege that he has received a response from the Central Office. Assuming Mr. Toney filed an appeal with the Central Office, he still has failed to exhaust administrative remedies by not completing all three formal steps of the administrative grievance procedure before seeking federal court intervention through the instant habeas corpus action. *See Wilson*, 503 U.S. at 335-36. The application will be dismissed for failure to exhaust.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Toney files a notice of appeal he also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  6th  day of    January          , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court